UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

DAVID LORENZO CRUZ,

    Plaintiff,

v.

KAI JIE INC,
d/b/a Crystal Buffet Hibachi & Grill
a Florida Corporation,
FA RONG ZHANG, individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, DAVID LORENZO CRUZ ("Cruz"), under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, KAI JIE INC, d/b/a Crystal Buffet Hibachi & Grill ("Crystal Buffet") and FA RONG ZHANG ("Zhang") individually, and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Crystal Buffet is, and was, a Florida corporation, authorized to conduct and conducting business in Brevard County, Florida.

3. At all material times, Zhang, is *sui juris* and a resident of Brevard County, Florida.

4. At all material times, Cruz, is *sui juris* and a resident of Brevard County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Crystal Buffet was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, Crystal Buffet was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Crystal Buffet operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Crystal Buffet, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Crystal Buffet is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Zhang is the president of Crystal Buffet and has economic and day-to-day control of Crystal Buffet, and of the nature and structure of Plaintiff's employment relationship with Crystal Buffet and is therefore an employer as defined by 29 U.S.C. Section 203(d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Crystal Buffet employed Plaintiff from approximately February 1, 2018 through October 19, 2018 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt Dishwasher earning an average of $1,400 per month.

16. At all material times, Crystal Buffet's gross annual revenues were in excess of $500,000.00

17. Throughout his employment with Crystal Buffet, Plaintiff routinely worked for Crystal Buffet for a total of eighty-six (86) hours per week, forty (40) regular hours and forty-six (46) overtime hours.

18. Notwithstanding, Plaintiff received an average of $4.07 per hour for all hours worked by him each month. Defendants failed/refused to pay to Plaintiff the required minimum and overtime wages as required by the FLSA, and Florida law.

19. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime wages for all hours worked by Plaintiff.

20. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

24. On April 12, 2019, Plaintiff through his undersigned counsel, sent to Crystal Buffet a written pre-suit demand regarding the violations of the minimum wage and overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Crystal Buffet failed/refused to do so ("Demand").

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST CRYSTAL BUFFET

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

26. This is an action against Crystal Buffet for overtime compensation pursuant to 29 U.S.C. § 216(B).

27. Plaintiff routinely worked in excess of forty (40) hours per week for Crystal Buffet.

28. Specifically, Plaintiff estimates that he worked for Crystal Buffet for a total of eighty-six (86) hours per week, forty (40) regular hours and forty-six (46) overtime hours.

29. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Crystal Buffet as defined in 29 U.S.C. § 203 (g).

31. Crystal Buffet failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

32. At all material times, Crystal Buffet knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33. Notwithstanding, Crystal Buffet intentionally and willfully violated the FLSA, as cited herein.

34. At all material times, Crystal Buffet failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

35. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT II
### VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA AGAINST ZHANG

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

37. This is an action against Zhang for overtime compensation pursuant to 29 U.S.C. § 216(B).

38. Plaintiff routinely worked in excess of forty (40) hours per week for Zhang.

39. Specifically, Plaintiff estimates that he worked for Zhang for a total of eighty-six (86) hours per week, forty (40) regular hours and forty (46) overtime hours.

40. Zhang had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

41. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

42. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Zhang as defined in 29 U.S.C. § 203 (g).

43. Zhang failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

44. At all material times, Zhang knew or should have known that such refusal and/or failure is prohibited by the FLSA.

45. Notwithstanding, Zhang intentionally and willfully violated the FLSA, as cited herein.

46. At all material times, Zhang failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

47. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT III**
**VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST CRYSTAL BUFFET**

48. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

49. The FLSA requires that Crystal Buffet pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Crystal Buffet, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

50. Crystal Buffet knew of and showed reckless disregard for the provisions of the FLSA because Crystal Buffet knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his eighty (86) hours worked each week.

51. Crystal Buffet willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

52. Crystal Buffet did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

53. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST ZHANG

54. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

55. The FLSA requires that Zhang pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Zhang, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

56. Zhang knew of and showed reckless disregard for the provisions of the FLSA because Zhang knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his eighty-six (86) hours worked each week.

57. Zhang willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

58. Zhang did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

59. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Lorenzo Cruz, respectfully requests that judgment be entered in his favor against Defendants Crystal Buffet and Fa Rong Zhang, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

  (e)  Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

  (f)  Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 20th day of June 2019.

                   By: /s/ Monica Espino
                   Monica Espino, Esq.
                   Florida Bar No. 834491
                   Espino Law
                   2655 S. Le Jeune Road
                   Suite 802
                   Coral Gables, FL 33134
                   Tel.: 305.704.3172
                   Fax: 305.722.7378
                   Email: me@espino-law.com
                   Secondary: legal@espino-law.com
                   *Counsel for Plaintiff*